# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Socorro Israel Alarcon,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et. al,<br><br>Respondents. | No. CIV 11-0573-PHX-GMS (DKD)<br><br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Socorro Israel Alarcon filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions following guilty pleas for attempted theft of means of transportation and possession of dangerous drugs, and the trial court's imposition of a mitigated prison term for the theft offense and probation for the drug offense. In his sole ground for habeas relief, Alarcon maintains that his fifth and fourteenth amendment rights to due process and his fourteenth amendment right to "equal privileges and immunities" were violated because the trial court lacked jurisdiction over his criminal case. Respondent contends that Alarcon's petition is procedurally defaulted. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

In separate criminal cause numbers, the trial court sentenced Alarcon on the theft and drug offenses on February 16, 2010 (Doc. 12, Exh A-C). On April 14, 2010, Alarcon sought to have the judgment relating to the theft offense vacated pursuant to Ariz.R.Crim.P. 24 (*Id.*,

Exh E). In the motion, he maintained that the trial court lacked jurisdiction over the case because the same charge had previously been dismissed without prejudice due to an inadvertent violation of speedy trial deadlines (*Id.*). He also alleged the ineffective assistance of trial counsel for counsel's failure to raise the issue (*Id.*). On May 12, 2010, the trial court construed the motion as a petition for post-conviction relief, and appointed counsel (*Id.*, Exh F, G). On October 25, 2010, Alarcon filed a *pro se* petition for writ of habeas corpus in the Arizona Supreme Court (*Id.*, Exh J). In his state habeas petition, he again challenged the trial court's jurisdiction based on the previous dismissal of the case (*Id.*).

On November 18, 2010, appointed counsel filed a Notice of Post-Conviction Review, indicating to the trial court that she had reviewed the record and found no colorable claim for relief (*Id.*, Exh G). On November 22, 2010, the trial court granted Alarcon an extension until January 5, 2011 to file a *pro se* petition (*Id.*, Exh H). On March 1, 2011, the supreme court dismissed the petition for writ of habeas corpus, ruling that such claims "must be presented initially to the superior court, and if relief is denied, then to the Court of Appeals in a timely petition for review" (*Id.*, Exh K). On April 25, 2011, the trial court dismissed the Rule 32 proceeding because Alarcon had not filed any petition within the time frame ordered by the trial court (*Id.*, Exh I). Alarcon did not petition for review from the trial court's dismissal of his Rule 32 proceedings.

**EXHAUSTION OF REMEDIES**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v.*

*Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id*. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856

1  (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
2  *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
3  262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state
4  court pursuant to an independent and adequate state procedural rule, just as in cases
5  involving defaulted claims that were not fairly presented, federal habeas review of the claims
6  is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual
7  prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

**DISCUSSION**

In his federal petition, Alarcon claims that the trial court violated his fifth and fourteenth amendment rights to due process and his fourteenth amendment right to "equal privileges and immunities," arguing that the trial court lacked jurisdiction over his criminal case. He further alleges that he exhausted his remedies as follows:

> The motion to vacate judgment was never ruled on, thus preventing me from moving the case (if not decided in my favor) to the court of appeal[s] or the supreme court. With the State not disputing the issues and the court not ruling, my state court remedies are exhausted under USCA 28 § 2254 [sic].

(Doc. 1 at 3).

The record contradicts Alarcon's assertion that he has exhausted his remedies in state court. The trial court did consider the motion, construed it as a Rule 32 petition, appointed counsel, and granted Alarcon leave to file a *pro se* petition once counsel had indicated that she found no colorable claim. When Alarcon failed to file a *pro se* petition, in which he could have reargued the claim raised in his original motion, the trial court dismissed the Rule 32 proceedings. Nothing prevented Alarcon from raising the claim in the Rule 32 proceedings, and if dissatisfied with the trial court's decision, petitioning for review in the court of appeals.

Alarcon's separate habeas petition filed in the supreme court raising the same claim as his federal petition is not a fair presentation of the claim in a procedurally appropriate manner. *O'Sullivan*. He admits in his Reply that the supreme court "directed [him] to

proceed back to the trial court" (Doc. 13 at 3-4). By failing to do so, he has not satisfied the exhaustion requirement. *Roettgen*, 33 F.3d at 38. Because Alarcon would have no state remedy were he to return to the state court, his claim is procedurally defaulted. *Teague*. Finally, he has not established cause for his noncompliance and actual prejudice. *Coleman*, 501 U.S. at 750-51.

**IT IS THEREFORE RECOMMENDED** that Socorro Israel Alarcon's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of August, 2011.

_____
David K. Duncan
United States Magistrate Judge