**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Socorro Israel Alarcon, | ) No. CV-11-573-PHX-GMS |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Defendants. | ) |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Socorro Israel Alarcon. (Doc. 1). Magistrate Judge David K. Duncan has issued a Report and Recommendation ("R & R") in which he recommended that the Court deny the petition and dismiss it with prejudice. (Doc. 14). Petitioner has objected to the R & R. (Doc. 15). Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court adopts the recommendation and denies the Petition.

**BACKGROUND**

On February 12, 2007, Petitioner was indicted for attempted theft of a means of transportation, in violation of Arizona Revised Statutes ("A.R.S.") §§ 13-1001, 13-1801, and 13-1814 (2007). (Doc. 12, Ex. J). On May 9, 2008, the Superior Court of Arizona, Maricopa County, dismissed the complaint without prejudice because Petitioner had not been granted a speedy trial in compliance with Ariz. R. Crim. P. 8.2. (Doc. 1, Ex. B). A warrant was re-

issued, and Petitioner was arrested after officers approached him in his vehicle, asked his pedigree information, and conducted a warrant check on April 4, 2009. (Doc. 1, Ex. J). During a search incident to that arrest, officers found a crystal substance in Petitioner's vehicle that later tests determined to be methamphetamine. (*Id.*). He was re-indicted on April 14, 2009 (Doc. 1, Ex. G). On December 10, 2009, Petitioner pled guilty to both the original theft charge and possession or use of dangerous drugs, in violation of A.R.S. §§ 13-3401, 13-3407, and 13-3418 (2005). (Doc. 12, Exs. A,C). On February 16, 2010, pursuant to a plea agreement, Petitioner was sentenced to four and one-quarter years on both charges by Judge George Foster, Jr. (Doc. 12, Ex. N). On April 14, Petitioner filed a motion under Ariz. R. Crim. P. 24.2 to have the judgment vacated because the court was without jurisdiction in the matter. (Doc. 12, Ex. E). Petitioner argued that the Arizona Constitution requires that complaints dismissed because of a violation of Arizona's speedy trial rules be dismissed with prejudice, and that his counsel had been ineffective for failing to object to the fact that the original charge was dismissed without prejudice. (*Id.*). The court did not rule on the 24.2 motion, instead construing it as a Rule 32 notice of post-conviction relief, and appointing counsel to represent Petitioner in post-conviction proceedings on May 12, 2010. (Doc. 12, Ex. F).

On October 27, 2010, Petitioner filed for a petition for habeas corpus directly with the Supreme Court of the State of Arizona. (Doc. 12, Ex. J). On November 18, 2010, the counsel appointed by the trial court to represent Petitioner in his Rule 32 petition notified the court that she could find no colorable claim for relief, and requested that the court extend Petitioner's deadline for filing a pro se petition. (Doc. 12, Ex. G). The court extended Petitioner's deadline until January 6, 2011, and dismissed the Rule 32 proceeding when no motion was filed by that date. (Doc. 12, Ex. H, I). On March 1, 2011, the Arizona Supreme Court denied the habeas petition because it was never presented to the superior court in the form of a Rule 32 petition. (Doc. 12, Ex. K).

On March 28, 2011, Petitioner filed his federal habeas petition for relief under 28 U.S.C. § 2254 (2006). (Doc. 1). In it, he claims that his Fifth and Fourteenth Amendment

rights were violated because (1) the court did not have jurisdiction over his case once it was dismissed for the speedy trial violation, (2) the arrest warrant under which he was apprehended in April of 2009 was allegedly signed by a deputy county attorney instead of a judge, and was therefore invalid, (3) that no arrest warrant should have been issued because there was no probable cause to arrest him prior to the April 14, 2009 indictment, (4) the officers lacked reasonable suspicion to approach him and conduct a warrant check on April 4, 2009, and (5) the officers lacked probable cause to search his vehicle once he was arrested.

He claims that since the trial court refused to rule on his Rule 24.2 motion, which he intended to file as a Rule 24.2 motion and not as a Rule 32 notice of post-conviction relief, he was denied the opportunity to appeal any adverse ruling on the Rule 24.2 motion to the Court of Appeals, and subsequently to the Arizona Supreme Court. He states that if he has failed to exhaust state remedies because he did not appeal his motion to the Court of Appeals, the fact that the Superior Court did not rule on his initial motion qualifies as "circumstances . . . that render such process ineffective to protect the rights of the applicant," an alternative to the exhaustion requirement. 28 U.S.C.§ 2254(b)(1)(B)(ii).

## DISCUSSION

**1.    Legal Standard**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas corpus petitions must be filed within one year of "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final.").

Ordinarily, Petitioner must exhaust his claims in state court before seeking federal

habeas relief. 28 U.S.C. § 2254(b)(1).[1] In order to satisfy the exhaustion requirement, a state prisoner must give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims") (citations omitted); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). To provide the state with the necessary "opportunity," a petitioner "must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). For a claim to be "fairly presented" so that it may later be subject to federal habeas review, a petitioner must articulate in state court that he is "asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106. In non-capital cases where a life sentence has not been imposed, Arizona petitioners need not appeal a denial of state post-conviction relief at the Arizona Court of Appeals in order to exhaust state remedies. *Swoopes v. Sublett*, 196 F.3d 1008, 1008 (9th Cir. 1999).

Petitioners are excused from exhaustion, however, if either "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Ninth Circuit has held that 28 U.S.C. § 2254(b)(1)(B)(ii) may be satisfied when "the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). Exhaustion is also excused

---

[1] Even if a claim is unexhausted, however, the court may deny it on the merits. 28 U.S.C. § 2254(b)(2); *see Duncan v. Walker*, 533 U.S. 167, 183 (2001) (Souter, J., concurring) (stating that the "AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims").

where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Habeas relief is also unavailable for claims that were procedurally defaulted in state court. Claims are procedurally defaulted in either of two ways. First, a claim is procedurally defaulted when it was raised in state court, but the state court denied relief based upon "an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Second, if a claim was not exhausted in state court, the federal court may still find that it is procedurally defaulted if it determines that on a return to state court, procedural rules would eliminate "the likelihood that a state court will accord the habeas petitioner a hearing on the merits of the claim." *Harris v. Reed*, 489 U.S. 255, 268–70 (1989) (O'Connor, J., concurring). If a petitioner has procedurally defaulted on his claim, the petitioner must show the "cause for failure and prejudice resulting" to avoid dismissal. *Wainwright v. Sykes*, 433 U.S. 72, 77 (1977). Alternately, procedural default may be excused only to avoid a "miscarriage of justice," such as the continued incarceration of a person whom no reasonable jury could find to be guilty. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**2.     Analysis**

Petitioner's claim was never properly exhausted, and now is procedurally defaulted. In his objections, Petitioner claims that it was improper for the court to construe his Rule 24.2 motion as Rule 32 notice post-conviction relief, stating that "if I wanted to go through a Rule 32, I would have filed for one." (Doc. 15). After he pled guilty, however, Petitioner signed a notice that contained the following language: "IF YOU HAVE PLEADED GUILTY OR NO CONTEST OR HAVE ADMITTED A VIOLATION OF CONDITIONS OF PROBATION . . . RELIEF MAY BE SOUGHT ONLY BY PETITION FOR A POST-CONVICTION RELIEF." (Doc. 12, Ex. L) (emphasis in original). By construing the Rule 24.2 motion as a Rule 32 notice, the court was offering Petitioner an opportunity to be heard on the merits; the court furthermore appointed an attorney to assist him. (Doc. 12, Ex. F). Any argument he made in his Rule 24.2 motion could have been set forth in a Rule 32

- 5 -

1 petition. Petitioner chose not to pursue the one remedy that was available to him when he
2 failed to file a Rule 32 motion within the required time. Petitioner's argument that state court
3 remedies were fatally deficient under 28 U.S.C. § 2254(B)(ii) fails. The Rule 32 process,
4 through which the court offered to hear his claim, is not "so clearly deficient as to render
5 futile any effort to obtain relief." *Serrano*, 454 U.S. at 3.

Likewise, the claim Petitioner filed directly with the Arizona Supreme Court was not fairly presented to the state court, and therefore cannot be subject to habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 841 (1999). Arizona prisoners whose state habeas petitions are denied may exhaust those claims without appealing beyond the Court of Appeals, but no provision allows state habeas petitions to be filed directly in the Arizona Supreme Court. Petitioner here can show no cause and prejudice for his failure to properly exhaust his claims. *Sykes*, 433 U.S. at 77. Since he pled guilty to the offense, he cannot show that denying his claims for failure to exhaust would result in a miscarriage of justice. *See Schlup*, 513 U.S. at 327.

If Petitioner were to return to state court now to present the federal claim asserted in his petition, the claim would be precluded as waived and untimely under the Arizona Rules of Criminal Procedure. *See* Ariz. R. Crim. P. 32.2(a)(3) ("A defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."), 32.4(a) (providing that post-conviction relief motions under Rule 32 "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later"). The state court has already ruled that he missed the deadline for filing a Rule 32 petition. (Doc. 12, Ex. K).

It should be noted that even if Petitioner's claims had been properly exhausted, they would be denied. *Walker*, 533 U.S. at 183. Petitioner's core claim is that, once the original charge was dismissed without prejudice because he was not tried within the time period required by Arizona's state speedy trial rules, he could not be charged again with the same crime. To the extent that he raises such a claim as a federal issue, it alleges a violation of the

Double Jeopardy Clause of the Fifth Amendment to the Constitution, that no person shall "be subject of the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend V.[2] The Supreme Court has held that "jeopardy attaches when the jury is empaneled and sworn." *Crist v. Bretz*, 437 U.S. 28, 35 (1978). During his first proceeding, petitioner was released before he was brought to trial; he was therefore not subject to the double jeopardy clause and the state was free to re-issue a warrant for his arrest. He further alleges that he received inadequate assistance of counsel during his second proceeding because his attorney did not raise the double jeopardy argument. Since the argument was without merit, it was not improper for his attorney to refrain from raising it. Had he fairly presented his Fourth Amendment claims to the state courts and exhausted them there, this Court would not be able to hear them, since Fourth Amendment claims cannot be relitigated in habeas proceedings. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Even had Petitioner fairly presented his claims to the state court and properly exhausted them, the petition would be denied.

## CONCLUSION

Petitioner did not pursue his available Rule 32 remedy in state court, and improperly filed a state habeas petition directly with the state supreme court. His state claims were therefore not exhausted, and now are procedurally defaulted. Even had they been properly exhausted, they would be denied.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Duncan's R & R (Doc. 14) is **ACCEPTED**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

3. The Clerk of Court shall **TERMINATE** this action.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because

---

[2] To the extent that the issue is raised as one of Arizona Constitutional law, this Court could not rule on it in a habeas petition in any event. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

- 7 -

1 reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v.*
2 *McDaniel*, 529 U.S. 473, 484 (2000).

3     DATED this 7th day of December, 2011.

*[signature: A. Murray Snow]*
G. Murray Snow
United States District Judge